# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES ANDREW LAWRENCE, JR,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-495-PGB-DCI**

**DISCOVERY MARKETING AND DISTRIBUTING, LLC**
***doing business as***
***Florida Energy Water & Air*****,**

**Defendant.**
______________________________________/

## ORDER

James Andrew Lawrence, Jr. (Plaintiff), proceeding *pro se*, initiated this employment discrimination case against Discovery Marketing and Distributing, LLC, doing business as Florida Energy Water & Air (Defendant) pursuant to Title VII of the Civil Rights Act and the Florida Civil Rights Act. Doc. 1. Plaintiff alleges that Defendant hired him on or about January 13, 2025 to perform duties as a "telemarketer/appointment setter." Doc. 1 at 2. Plaintiff claims that during his employment he was subjected to "a pattern of harassment and hostile work environment that was both subjectively and objectively offensive." *Id*. Plaintiff alleges that on or about January 21, 2025, he engaged in protected activity by reporting the harassment and "discriminatory remarks" to direct managers and human resources. *Id*. Plaintiff claims that following the report, Defendant terminated his employment with pretextual justifications. *Id*.

Defendant has filed the Motion to Compel Arbitration (Doc. 19, the Motion) based on an agreement to arbitrate (the Agreement) that Defendant entered into with Plaintiff "at the outset of [Plaintiff's] employment." Doc. 19. Defendant contends that Plaintiff agreed to resolve employment related disputes through binding arbitration, and Defendant has elected to resolve the

claims in this case through arbitration pursuant to that Agreement. *Id*. at 2. Defendant states that the Agreement is governed by the Federal Arbitration Act and that Plaintiff's claims fall squarely within the scope of the Agreement. *Id*. Defendant has attached to the Motion both the Agreement and a supporting declaration. Doc. 19-1. Plaintiff has filed his Response in Opposition to the Motion (Doc. 36, the Response), and Defendant has filed a Reply to the Response. Doc. 40 (the Reply). The Court has stayed the case pending resolution of the Motion. Doc. 31.

The Motion is due to be denied because the Court is not satisfied that Defendant has sufficiently addressed the issues that the Court must decide in ruling on the Motion. Specifically, Defendant's position on the Agreement's delegation provision is not clear and does not adequately address Plaintiff's argument that the provision is invalid. "Sometimes, parties agree not only to arbitrate the merits of any claims that arise from their contract, but also to arbitrate any 'threshold' or 'gateway' questions about the 'arbitrability' of those claims, such as questions about the 'enforceability, scope, [or] applicability' of the parties' agreement to arbitrate their claims." *Attix v. Carrington Mortg. Serv., LLC*, 35 F.4th 1284, 1295 (11th Cir. 2022) (quoting *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1264 (11th Cir. 2017)). "By default, a court would normally decide threshold disputes about whether a party's claims are arbitrable." *Id*. "But parties are free to have an arbitrator decide their threshold disputes instead." *Id*. (citation omitted).

"An agreement to arbitrate threshold arbitrability issues is often called a 'delegation' agreement, because it delegates the resolution of disputes about the arbitrability of the parties' claims to an arbitrator." *Id*. (citing *Rent-A-Center*, 561 U.S. 63, 68 (2010)). "A delegation agreement is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id*. (citation and internal quotation marks omitted). "As with any arbitration

agreement, before enforcing a delegation agreement, the court should ensure that the [delegation] agreement was formed, that it applies to the dispute at hand, and that no grounds render it invalid or unenforceable." *Id*. "Although it is the court's obligation to determine, before enforcing a delegation agreement, that no grounds render the delegation agreement invalid or unenforceable, *see* 9 U.S.C. § 2, it is the parties' obligation to tell the court what those grounds might be. In other words, it is up to the parties to specifically challenge the delegation agreement's validity or enforceability." *Id*. at 1295 n.8.

Unless a delegation provision is challenged specifically, the court "must treat it as valid under § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Rent-A-Center*, 561 U.S. at 72; *see also Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015) ("When an arbitration agreement contains a delegation provision and the plaintiff raises a challenge to the contract *as a whole*, the federal courts may not review his claim because it has been committed to the power of the arbitrator. Instead, the plaintiff must 'challenge[] the delegation provision *specifically*.'") (emphasis in original) (citing *Rent-A-Center*, 561 U.S. at 72); *Parm v. Nat'l Bank of Cal., N.A.*, 835 F.3d 1331, 1335 (11th Cir. 2016) ("Only if [a court] determine[s] that the delegation clause is itself invalid or unenforceable may [the court] review the enforceability of the arbitration agreement as a whole.").

Here, the Agreement includes a Paragraph—in full—that read as follows:

> I agree that I will assert a Claim only on behalf of my own self and that I will not assert a Claim on behalf of, or as a member of, a class or group in either an arbitration proceeding, a private attorney general action or in any other forum or action. **Notwithstanding any other language in this Agreement, only a court, not an arbitrator, will decide Claims about the validity, enforceability, coverage or scope of this specific paragraph or any part of this paragraph. However, any Claim that concerns the validity or enforceability of the Agreement as a whole is for the arbitrator, not a court, to decide.** If a court determines that this specific paragraph is not fully enforceable, the court's determination shall be subject to appeal. This paragraph does not apply to any

> lawsuit or administrative proceeding filed against Company by a state or federal government agency. This means that Company will not have the right to compel arbitration of any claim brought by such an agency.

Doc. 19-1 at 5 (emphasis added).

In the Motion, Defendant quotes a portion of the foregoing paragraph but does not provide any legal authority or argument for the proposition that the Agreement contains a delegation provision or that the delegation provision should be enforced. *See* Doc. 19.[1] In the response, Plaintiff argues that, "The Agreement contains conflicting language regarding whether enforceability issues are reserved for judicial determination or delegated to the arbitrator" and that the delegation language should be rendered void because it is not "clear and unmistakable." Doc. 36 at 8. Plaintiff also argues that the gateway issue should only go to the arbitrator when there is "unmistakable evidence" that the parties intended the delegation and the "conflicting language" in the delegation provision means that the Court should decide the issue. *Id*. at 8 to 9. Defendant states in the Reply that "Plaintiff never directly challenges the delegation provision" and "[a]lthough Plaintiff attacks the agreement he does not identify any defect in the delegation provision itself." Doc. 40 at 6, 7. But given Plaintiff's arguments in the Response, the Court is not necessarily persuaded that Plaintiff failed to directly challenge the delegation provision. At the very least, Defendant has not offered a sufficient explanation for why Plaintiff's challenge is not direct or specific.[2] Indeed, the paragraph containing the delegation language appears—as

---

[1] Perhaps Defendant's failure to foresee this issue and brief it in the Motion stems from the parties' failure to adequately confer pursuant to Local Rule 3.01(g), which failure provides an independent basis to deny the Motion without prejudice. *See* Doc. 19 at 11.

[2] While Defendant states that Plaintiff did not identify any defect in the delegation provision and "never directly challenges the delegation provision," Defendant adds that Plaintiff discusses ambiguity, and Defendant cites generally to a case regarding a "meaningful dispute" related to the delegation provision. Doc. 40 at 6, 7 (citing *Orellana v. Roblox Corp.*, 765 F.Supp.3d 1273, 1288 (M.D. Fla. 2025)). So, it seems Defendant is arguing two opposing things: (1) Plaintiff does not

Plaintiff argues—to be ambiguous. For example, what decision concerning the specific paragraph quoted in full in this Order is reserved to a court in the sentence that begins with the word "notwithstanding"? If there is an explanation for the apparent ambiguity, Defendant has not articulated it.

Further, even though Defendant states that the delegation provision is clear and the Court must refer questions of arbitrability to the arbitrator, Defendant spends the Reply addressing Plaintiff's attacks on the Agreement as a whole (e.g., Plaintiff's argument that (1) the Agreement itself is unenforceable because it is unconscionable; (2) the Agreement itself is invalid because of the six-month limitation period to file; and (3) the Agreement itself is unenforceable because of the discovery limitations). Based on Defendant's position regarding arbitrability, it is not entirely clear why the Court should reach Defendant's arguments regarding the enforceability of the Agreement as a whole.

In sum, Defendant has failed to sufficiently address the delegation provision, and Defendant has failed to sufficiently address Plaintiff's contention that the delegation provision is invalid.

Accordingly, it is **ORDERED** that:

---

identify a defect in the delegation provision; and (2) Plaintiff's identification of the defect is not an adequate challenge. Either way, Defendant must clarify and provide more of an analysis on its opposition to Plaintiff's argument. Without more, Defendant's statement that the "provisions are not contradictory" and "must be read together" skips to the merits of the challenge when there is the threshold matter of the sufficiency of Plaintiff's challenge to the validity of the delegation provision. *See Waffle House, Inc.*, 866 F.3d at 1264)("We may examine a challenge to a delegation provision only if the claimant challenged the delegation provision directly.") (citing *Parnell*, 804 F.3d at 1144); *Steingruber v. Family Dollar Stores of Fla., Inc.*, 2015 WL 10818618, at *3 (M.D. Fla. Aug. 12, 2015) (finding that a plaintiff challenged the agreement on various grounds but did not specifically challenge the delegation provision and, therefore, the threshold question of enforceability was properly before the arbitrator and not the court)). Also, Defendant's conclusory statements regarding the merits of Plaintiff's position on the alleged contradictory language does not assist the Court.

1. the Motion (Doc. 19) is **DENIED without prejudice** for a failure to comply with Local Rule 3.01(b) ("A motion must include . . . a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.");
2. **on or before October 20, 2026**, Defendant may file a renewed motion to compel arbitration. The renewed motion must be fully briefed and may not rely upon or incorporate by refence the previously filed motion;
3. Plaintiff must respond to any renewed motion within the time allotted pursuant to Local Rule 3.01(d). Plaintiff may not rely upon or incorporate by reference any previously filed response. If Plaintiff fails to respond within the time provided by the Local Rule, the Court will deem the renewed motion unopposed;
4. Defendant may file a seven-page reply within seven days of Plaintiff's response.

**ORDERED** in Orlando, Florida on October 5, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties